32 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles HUNSUCKER, Petitioner,
v.
FLAT GAP MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-1225.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 12, 1994.
Decided: August 26, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-0998-BLA)
 Charles Hunsucker, Petitioner Pro Se.
 Timothy Ward Gresham, Penn, Stuart, Eskridge & Jones, Abingdon, Virginia; Patricia May Nece, Barry H. Joyner, United States Department Of Labor, Washington, D.C., for Respondents.
 Ben. Rev. Bd.
 VACATED AND REMANDED.
 Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Hunsucker seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-945 (West 1986 & Supp.1993). The ALJ found the evidence of record sufficient to establish total disability, but insufficient to establish the existence of pneumoconiosis or that pneumoconiosis contributed to the miner's total disability. The Board affirmed the finding of no pneumoconiosis without addressing the cause of disability. The only issue raised by Hunsucker's counsel before the Board relating to the ALJ's finding of no pneumoconiosis, and thus the only issue preserved for our review on appeal, see South Carolina v. United States Dep't of Labor, 795 F.2d 375, 378 (4th Cir.1986), was that the ALJ erred by finding that Dr. Robinette's reports finding coal workers' pneumoconiosis did not constitute a diagnosis of pneumoconiosis under 20 C.F.R. Sec. 718.202(a)(4) (1993) because they were based "solely" on positive X-rays. The Board rejected Hunsucker's contention, but we do not. We therefore remand for further consideration.
 
 
 2
 The Board's opinion quotes isolated sentences from Dr. Robinette's reports stating that the X-ray evidence reveals pneumoconiosis as support for its conclusion that the ALJ properly inferred that Dr. Robinette's findings were based "solely" on X-rays. We, however, find that the focus upon these passages in isolation selectively analyzes Dr. Robinette's reports and serves to mischaracterize them. See Peabody Coal Co. v. Lowis, 708 F.2d 266, 274-76 (7th Cir.1983). Our review of Dr. Robinette's reports reveals that he provided detailed accounts of the miner's medical, work, and personal histories, and reported extensive findings on physical examination relating to the miner's pulmonary condition. In addition, he discussed the results of clinical testing, including not only X-rays but also pulmonary function and blood gas testing, in his reports. His reports are sufficiently documented to constitute probative evidence of pneumoconiosis under the criteria of Sec. 718.202(a)(4). The Board and ALJ, however, effectively treated his reports the same as X-ray reports submitted under 20 C.F.R. Sec. 718.202(a)(1) (1993).
 
 
 3
 Since the ALJ did not view Dr. Robinette's findings as sufficient to constitute a diagnosis of pneumoconiosis, the ALJ did not weigh Dr. Robinette's findings against the conflicting evidence of record. We therefore vacate the decision of the Board and remand this case to the Board for further remand to an ALJ for further consideration of Dr. Robinette's reports consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.